UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| TIMOTHY T. SNYDER, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | No.    1:08-cv-99 |
| | ) | *Chief Judge Curtis L. Collier* |
| BRADLEY COUNTY JUSTICE CENTER; | ) | |
| CAPTAIN GABE THOMAS, CHIEF | ) | |
| ADMINISTRATOR, | ) | |
| | ) | |
|     *Defendants*. | ) | |

## **MEMORANDUM**

Timothy T. Snyder ("Snyder") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Court File No. 1). Snyder brings suit against the Bradley County Justice Center and Captain Gabe Thomas ("Capt. Thomas"), Chief Administrator of the Bradley County Justice Center. Snyder challenges his conditions of confinement and asks the Court to mandate his immediate transfer to a Tennessee Department of Corrections ("TDOC") Facility. For the reasons discussed below, Snyder's complaint will be **DISMISSED** (Court File No. 1).

**I.**     **Application to Proceed** *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Snyder, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Snyder, however, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Snyder is an inmate or prisoner in custody at the Bradley County Justice Center, in Cleveland, Tennessee, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Snyder shall pay the full filing fee

of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Snyder's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Snyder's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Snyder's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Snyder's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Sheriff and Custodian of Records at the Bradley County Justice Center, in Cleveland, Tennessee; the Commissioner of the Tennessee Department of Correction; and the Attorney General for the State of Tennessee, to ensure the custodian of Snyder's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of Snyder's file and follow him if he is transferred to another institution. The agency having custody of Snyder shall continue to collect monthly payments from Snyder's prisoner account until the entire filing fee of $350.00 is paid.

Snyder will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Snyder to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. Standard of Review

### A. *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon

which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

**B.** **Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

> When screening a prisoner complaint, a district court must examine both § 1915A and § 1915(e)(2). If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). *See In re Tyler*, 110 F.3d [528] 529-30 [(8th Cir. 1997)]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not

prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

### III. Facts

The following is Synder's complaint in its entirety:

1. Overcrowding in the cell where I am placed

2. Denied the mandated one-hour out of my cell per day

3. Threatend [sic] with physical harm by staff officer, on or about March 28, 2008

4. Denied urgent and necessary medical treatment for hypoglycemia on April 11, 2008 and April 13, 2008; Officer Cooper was the duty officer on both days

### IV. Analysis

#### A. 42 U.S.C. § 1983

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997).

Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 168 (1993). The Supreme Court has rejected the notion that a "wholly conclusory statement of claim" could survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). Thus, at a minimum, a complaint must include the necessary facts and grounds upon which a particular claim rests. Additionally, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### B. Identity of Defendants

#### 1. Bradley County Justice Center

One of the two defendants named in this action is the Bradley County Justice Center. The Bradley County Justice Center is a building and not a person or a legal entity which can be sued under 42 U.S.C. § 1983. Therefore, the Justice Center is not a "person" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983). Accordingly, this defendant will be **DISMISSED**.

#### 2. Capt. Gabe Thomas

Snyder also identifies Capt. Thomas as a defendant. Snyder has failed to identify in what capacity he has sued Capt. Thomas. The complaint does not indicate whether Capt. Thomas is being sued in his official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the

governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The United

States Court of Appeals for the Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in *Moore*. In the case at bar, Plaintiff failed to specify in his complaint that he was suing Capt. Thomas as an individual, rather than in his official capacity. Indeed, the defendant is identified in the style of the case with his official title; there is no reference to the defendant in the body of the complaint (Court File No. 1). The only relief Snyder seeks is a transfer to a TDOC facility. Thus, absent any clear indication in the complaint that Capt. Thomas is being sued in his individual capacity, the Court must assume he is being sued in his official capacity. *Id.* at 772.

A claim against Capt. Thomas in his official capacity is treated as an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because Defendant has been sued only in his official capacity as an employee of Bradley County, Tennessee, the Court must proceed as if Snyder has in fact sued Bradley County. Therefore, in order to prevail, Snyder must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Bradley County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Bradley County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Snyder has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Snyder does not allege that the violation of his rights resulted from any policy or custom on the part of Bradley County. Even assuming Snyder is claiming these alleged violations are the result of a policy or custom on the part of Bradley County, for the reasons explained below, he has failed to set forth facts which support a claim that his constitutional rights were violated because he simply has not alleged any facts showing a constitutional violation.

Overcrowding in a prison setting is not itself a violation of the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 345-47 (1981). Therefore, Snyder's allegation that there is overcrowding in the cell where he is housed does not support a constitutional claim. Snyder has not set forth any proof linking the alleged overcrowding to the type of deplorable living conditions necessary to support a claim that his Eighth Amendment right to be free from cruel and unusual punishment was violated at Bradley County Justice Center. *Id.* at 348.

Likewise, Snyder's factually unsupported allegation that he has been "[d]enied the mandated one-hour out of [his] cell per day" fails to state a claim (Court File No. 1). Snyder does not state what days he was confined to his cell and denied time outside of his cell, or provide any factual support, whatsoever, for this claim. Furthermore, the Constitution does not guarantee Snyder daily

9

access to leave his cell. Although the Eighth Amendment does prohibit near-total deprivation of exercise without penological justification, *see Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983), Snyder does not allege such a circumstance. Thus, this claim does not rise to the level of an Eighth Amendment violation.

Snyder's complaint he was threatened with physical harm by an unidentified staff officer on or about March 28, 2008, fails to implicate his constitutional rights. The allegation of threats does not state a § 1983 claim. A threat by a jail or prison officer is not *per se* unconstitutional because the plaintiff has no protectable right not to have threats made against him. *See Williams v. Gobles*, 211 F.3d 1271 (6th Cir. 2000) (unpublished table decision), available in 2000 WL 571936, at *1 (neither verbal harassment nor threats constitute punishment within the context of the Eighth Amendment); *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989) (federal right must be actually denied, not merely threatened). *See also Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (explaining that verbal abuse is not cognizable under § 1983). Although the Court does not condone officers making threats to inmates, "ungentlemanly conduct does not a constitutional violation make." *Burris v. Mahaney*, 716 F. Supp. 1051, 1056 (M.D. Tenn. 1989). Likewise, it does not create liability for damages under 42 U.S.C. § 1983. Consequently, Snyder's complaint does not state a cause of action of constitutional dimension cognizable in federal court because he has failed to allege a violation of a constitutionally protected right. Therefore, this claim lacks an arguable basis in law and is frivolous and fails to state a claim within the meaning of 28 U.S.C. §§ 1915(e) & 1915A.

Snyder's complaint regarding medical care at the Bradley County Justice Center also falls short of supporting a constitutional claim. A violation of the Cruel and Unusual Punishment Clause

of the Eighth Amendment occurs when prison officials act with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-04 (1976). An actionable Eighth Amendment claim consists of two elements: (1) an objective element which requires proof that the medical condition was sufficiently serious, and (2) a subjective element which requires proof that the prison official acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825 (1994). Since Snyder has failed to factually support his claim, the absence of proof demonstrating an urgent medical need which required immediate treatment and the absence of facts showing defendant acted with a sufficiently culpable state of mind, has resulted in a failure to allege, much less demonstrate, a constitutional violation. Snyder has not provided any facts demonstrating that Defendant perceived a risk of harm and then disregarded it, thus, exhibiting deliberate indifference to Snyder's serious medical needs. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001), *cert. denied*, 537 U.S. 817 (2002). Consequently, this general allegation does not demonstrate Capt. Thomas was deliberately indifferent to his serious medical need. *See Estelle*, 429 U.S. at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to his serious medical needs."). Thus, the Complaint does not state an actionable Eighth Amendment violation based on the failure to provide medical care.

In summary, Snyder has failed to demonstrate that the alleged violations of his constitutional rights resulted from acts representing official policy or custom adopted by Bradley County. In addition Snyder has failed to raise any claim that rises to a constitutional violation. Therefore, Capt. Thomas is entitled to judgment as a matter of law.

Accordingly, the complaint will be **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e)(Court File No. 1).

An appropriate judgment will enter.

                                      **/s/**
                                      **CURTIS L. COLLIER**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**